# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PALOS COMMUNITY HOSPITAL, an Illinois not-for-profit corporation, ) ) ) Plaintiff, ) ) v. ) ) DIVERSIFIED CLINICAL SERVICES, INC. ) d/b/a HEALOGICS, a Delaware corporation, ) ) Defendant. ) | No. 15 C 10634 Judge Sara L. Ellis |

## OPINION AND ORDER

Palos Community Hospital ("PCH") contracted to have Diversified Clinical Services, Inc. d/b/a Healogics ("Healogics"[1]) provide clinical wound care ("CWC") services for PCH. The relationship broke down, however, leading PCH to terminate the agreement and file suit in Illinois state court seeking a declaratory judgment that its notice of future termination was valid. After removing PCH's lawsuit to federal court based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, 1446, Healogics now moves to dismiss the complaint [16]. Because an actual case or controversy exists and PCH has adequately pleaded facts to state a claim under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, the Court denies the motion.

---

[1] The complaint refers to Defendant as "Healogic." The Court adopts the name used by Defendant.

## BACKGROUND[2]

On June 27, 2013, Healogics agreed to establish a CWC program at PCH's hospital facility set up for CWC (the "Center"). The parties memorialized their agreement—the Clinical Wound Care with Hyperbaric Oxygen Therapy Management and Support Services Agreement (the "Agreement"), in which Healogics agreed to coordinate and provide CWC services at the Center for five years and PCH agreed to pay Healogics for doing so.

Healogics also agreed to provide staff to run the Center, treat CWC patients, and take reasonable steps to replace staff that quit or were fired without interrupting services. Healogics would provide staff comprised of a full time Program Director, a full time Clinical Coordinator/Clinical Manager ("CCC Manager"), a full or part time HBOT (hyperbaric oxygen therapy) Technician (who would also likely serve as Safety Director), full and part time nurses as required, full and part time medical assistants as required, and an Administrative Assistant/Data Coordinator.

The Agreement further provided that either party could terminate the Agreement if the other materially breached its obligations and failed to correct the breach within sixty days of written notice. If such a termination occurred, the parties promised to engage in a friendly and efficient wind down of the Agreement and their relationship. Healogics also retained the right to remove property it installed or brought to the Center within thirty days of the Agreement's termination.

---

[2] The facts are taken from PCH's complaint and exhibits attached thereto and are presumed true for the purpose of resolving defendant's motion for failure to state a claim pursuant to Rule 12(b)(6). *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011); *Local 15, Int'l Bhd. of Elec. Workers, AFL-CIO v. Exelon Corp.*, 495 F.3d 779, 782 (7th Cir. 2007). To the extent that Healogics' motion seeks dismissal based on standing under Rule 12(b)(1), the Court also accepts as true all well-pleaded facts and draws all reasonable inferences in PCH's favor. *Connecticut Gen. Life Ins. Co. v. Sw. Surgery Ctr., LLC*, No. 14 CV 08777, 2015 WL 6560536, at *2 (N.D. Ill. Oct. 29, 2015) (citing *Long v. Shorebank Dev. Corp.,* 182 F.3d 548, 554 (7th Cir.1999)).

According to PCH, Healogics did not adequately hire and retain an experienced CCC Manager and CWC nurses. Specifically, the CCC Manager whom Healogics hired did not have the skills needed to perform her duties, was placed in a performance improvement plan in December 2015, and resigned effective January 2015. Additionally, Healogics only hired two CWC nurses, who resigned in January and March 2015. And although Healogics hired an independent contractor for the CWC, she too resigned in March 2015 after only three weeks on the job.

In response to these and other problems with the Center, PCH sent a letter to Healogics on March 30, 2015, listing material breaches of the Agreement, including the staffing problems. The same day, PCH also wrote to Healogics to complain that thirteen CWC patient appointments had been cancelled because of staffing issues in contravention of the Agreement. Despite PCH's March 30 notice concerning the staffing issues, Healogics did not hire a new CCC Manager for more than sixty days thereafter. On August 28, 2015, PCH again advised Healogics that hyperbaric treatments had to be cancelled on August 26, 27, and 28 because of staffing issues.

Ultimately, on August 28, 2015, pursuant to the Agreement's termination clause, PCH notified Healogics that the Agreement was terminated effective October 31, 2015. Healogics, however, denied that it materially breached the Agreement, rejected the termination, and refused to leave the Center. PCH then filed this declaratory judgment action in Illinois state court eleven days before the effective date of the termination, on October 20, 2015.

**LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(1) challenges the Court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The party asserting jurisdiction has the burden of proof. *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003), *overruled on*

*other grounds by Minn-Chem, Inc. v. Agrium, Inc.*, 683 F.3d 845 (7th Cir. 2012). The standard of review for a Rule 12(b)(1) motion to dismiss depends on the purpose of the motion. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443–44 (7th Cir. 2009). If a defendant challenges the sufficiency of the allegations regarding subject matter jurisdiction (a facial challenge), the Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *See id.*; *United Phosphorus*, 322 F.3d at 946. If, however, the defendant denies or controverts the truth of the jurisdictional allegations (a factual challenge), the Court may look beyond the pleadings and view any competent proof submitted by the parties to determine if the plaintiff has established jurisdiction by a preponderance of the evidence. *See Apex Digital*, 572 F.3d at 443–44; *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006).

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**ANALYSIS**

PCH asks for a declaration that (1) Healogics materially breached the Agreement, the time to cure has expired, and the Agreement is terminated with no more obligations owed to Healogics; (2) Healogics must vacate the Center; and (3) Healogics must pay for its refusal to leave the Center on or before October 31, 2015. Healogics moves to dismiss, arguing that PCH's suit attempts only to ratify PCH's past acts that responded to what PCH believed were breaches of the Agreement by Healogics, and therefore (1) PCH fails to demonstrate an actual case or controversy and, therefore, has no standing to sue;[3] (2) even if an actual case or controversy exists, PCH's allegations of Healogics' breach do not meet the pleading standards of Rule 8(a); and (3) the Court should exercise its discretion and dismiss the complaint because declaratory relief would frustrate the purpose of the Federal Declaratory Judgment Act.

**I.    Actual Controversy**

Healogics first argues that this case should be dismissed because there is no live case or controversy because PCH is only seeking declaratory relief about past actions—Healogics' alleged material breach and PCH's termination of the contract. It argues that a declaratory judgment action, on the other hand, is only appropriate where a party faces future injury. The existence of an "actual controversy" is a prerequisite to standing for a declaratory judgment under the Federal Declaratory Judgment Act,[4] equivalent to Article III's "case or controversy"

---

[3] Healogics brings its motion only under Rule 12(b)(6), but its standing argument is actually one based on Rule 12(b)(1) so the Court will treat it as such.

[4] PCH filed suit in Illinois under the Illinois Declaratory Judgment Act. Healogics argues that, after removal, the Federal Declaratory Judgment Act applies to PCH's claim, but PCH disagrees and argues that the Illinois act still applies. The Federal Declaratory Judgment Act applies in federal court even in cases of removal from state court to federal court based on diversity jurisdiction. *People ex rel. Barra v. Archer Daniels Midland Co.*, 704 F.2d 935, 939 (7th Cir. 1983) (applying Federal Declaratory Judgment

requirement. *Geisha, LLC v. Tuccillo*, 525 F. Supp. 2d 1002, 1009–10 (N.D. Ill. 2007). This requires "a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of declaratory judgment." *Sarkis' Cafe, Inc. v. Sarks in the Park, LLC*, 55 F. Supp. 3d 1034, 1038 (N.D. Ill. 2014) (citation omitted) (internal quotation marks omitted). Courts look for real and substantial disputes that can be solved with specific relief and that are ripe enough that a court can see "what legal issues it is deciding, what effect its decision will have on the adversaries, and some useful purpose to be achieved in deciding them." *ASI Acquisition, LLC v. Rayman*, No. 01 C 165, 2002 WL 335311, at *3 (N.D. Ill. Feb. 28, 2002) (quoting *Pub. Serv. Comm'n of Utah v. Wycoff,* 344 U.S. 237, 243, 73 S. Ct. 236, 97 L. Ed. 291 (1952)) (internal quotation marks omitted).

PCH alleges that it properly terminated the Agreement because of Healogics' material breach. Despite its notice of termination, PCH claims that Healogics refuses to comply with its post-termination obligations, causing PCH to file this suit asking the Court to declare the parties' rights under the Agreement. According to the Complaint, PCH wants its former partner and equipment out of the Center pursuant to the termination provisions of the Agreement—Healogics

---

Act even though, after removal, plaintiff filed amended complaint seeking declaratory relief pursuant to Illinois Code of Civil Procedure); *Second Amendment Arms v. City of Chicago*, No. 10-CV-4257, 2012 WL 4464900, at *14 (N.D. Ill. Sept. 25, 2012) (noting federal rather than state declaratory judgment statute governed claim because Illinois declaratory judgment statute creates no substantive rights); *Household Fin. Servs., Inc. v. N. Trade Mortg. Corp.*, No. 99 C 2840, 1999 WL 782072, at *2 (N.D. Ill. Sept. 27, 1999) ("federal courts sitting in diversity apply state substantive law and federal procedural law," and state and federal declaratory judgment laws are both "procedural statute[s] that create no substantive rights"). *But see Bryant v. Jackson Nat'l Life Distribs.*, No. 12 C 9391, 2013 WL 1819927, at *3–4 (N.D. Ill. Apr. 30, 2013) (using Illinois law to determine whether removed lawsuit's declaratory relief request was proper). Healogics argues that, regardless, the Agreement's choice of law provision controls the procedural law the Court must apply, but choice of law provisions incorporate substantive and remedial law of the selected source of law but, generally, not procedural law. *Gemini Consulting Grp. Inc. v. Horan Keogan Ryan Ltd.*, No. 06C 3032, 2008 WL 4717160, at *3 (N.D. Ill. May 13, 2008) (citing *FDIC v. Petersen*, 770 F.2d 141, 142 (10th Cir. 1985). The Agreement only states that Illinois law governs its "interpretation, construction, and legal effect," Doc. 1-1, Ex. A § 10.7, but there is no explicit selection of Illinois procedural law in the Agreement and the parties contemplated resolving disputes in federal court, which indicates their consent to the application of federal procedural law.

allegedly wants to stay put.  PCH wants to stop paying Healogics and empty the Center of equipment and staff, but Healogics wants to continue operating the Center and keep receiving payments.  As alleged then, the parties have adverse legal interests.  *See id.* (declaratory judgment claim stated actual controversy where plaintiff alleged its termination allowed it to stop paying defendants, but defendants alleged the termination did not have the same legal effect).  The parties' desired future plans also appear to be diametrically opposed, and the controversy is "substantial with valuable legal rights at stake," including whether Healogics will continue to run the CWC services and whether PCH must continue to pay.  *See id.* (declaratory judgment claim stated actual controversy where money to be paid or not paid hinged on whether contract was properly terminated).  Finally, the issues are ripe for the Court.  PCH and Healogics have already played their cards.  Now, PCH is looking for final resolution of what happens next, and therefore the dispute is also real rather than hypothetical.  *See Zippysack LLC v. Ontel Prods. Corp.*, --- F. Supp. 3d ----, 2016 WL 1569463, at *3–4 (N.D. Ill. Apr. 19, 2016) (declaratory judgment claim valid where it intended to clarify what course of action defendant had to take next under contract rather than wait for the defendant to breach).

Healogics argues that there is no actual controversy because PCH has already provided notice of termination, so PCH is only asking the Court to decide whether past conduct (Healogics' alleged breaches and PCH's notice of termination) was allowable.  PCH is doing more than just seeking guidance on the propriety of past conduct, though, because it is asking the Court to establish the parties' legal rights and obligations moving forward to determine how the parties should wrap up their relationship provided that PCH validly terminated the Agreement.  The complaint therefore does not overstep the purpose of declaratory relief and the Court finds that there is an actual controversy that can be adjudicated with a declaratory judgment.  *See ASI*

*Acquisition, LLC*, 2002 WL 335311, at *4 (although plaintiffs had already terminated defendants for cause, plaintiffs could seek legally correct interpretation of their rights and obligations after terminating contracts).

## II. Propriety of Declaratory Judgment Action

Even in the face of an actual controversy, federal courts have the discretion to decline to hear a declaratory judgment action. *Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.*, 819 F.2d 746, 746–47 (7th Cir. 1987). But if a declaratory judgment will clarify and settle the disputed legal relationships at issue and afford parties relief from future insecurity and uncertainty, the action should be adjudicated rather than dismissed. *Nucor Corp. v. Aceros y Maquilas de Occident, S.A. de C.V.*, 28 F.3d 572, 578 (7th Cir. 1994). Healogics argues that the Court should exercise its discretion and dismiss PCH's suit because PCH's claims are better formulated as a breach of contract action.

A declaratory judgment action is a useful procedure for determining the rights and obligations of parties to a contract. *Mountan v. Chautauqua Airlines, Inc.*, No. 06C1026, 2009 WL 689717, at *1 (E.D. Wis. Mar. 11, 2009) (noting declaratory judgment's utility for resolving issues concerning how parties need to act under contract). As Healogics points out, federal courts in and outside this District have declined to hear declaratory judgment actions arising from contract disputes—however those courts declined to exercise jurisdiction over a request for declaratory relief where a breach of contract claim that would resolve the dispute was also alleged, rendering the declaratory relief redundant, or where there was no concrete dispute over the contract. *See Bryant*, 2013 WL 1819927, at *3–4 (declaratory judgment claim dismissed where it realleged the breach of contract claim); *Rothman v. City of Chicago*, No. 02 C 3533, 2003 WL 21148180, at *5 (N.D. Ill. May 16, 2003) (declaratory relief claim was duplicative of a

separate breach of contract claim that would resolve contractual issues); *Metra Indus., Inc. v. Rivanna Water & Sewer Auth.*, No. 3:12CV00049, 2014 WL 652253, at *2 (W.D. Va. Feb. 19, 2014) (same); *Aero Media LLC v. World Healing Ctr. Church, Inc.*, No. 12 CIV. 5196 LLS, 2013 WL 2896856, at *6 (S.D.N.Y. June 11, 2013) (counterclaim for declaratory judgment was inappropriate where counterclaimant had already invoked its right to breach of contract remedy); *Del. State Univ. Student Housing Found. v. Ambling Mgmt. Co.*, 556 F. Supp. 2d 367, 375 (D. Del. 2008) (dismissing declaratory judgment claim where separately pleaded breach of contract claim would provide all necessary remedies).

Here, PCH has not filed a breach of contract claim, instead pursuing a determination of the rights and obligations of the parties under the Agreement, including whether PCH's termination was proper.[5] If the Court declares the termination valid, a declaratory judgment would have some purpose because, according to the complaint, Healogics has not complied with the Agreement's post-termination provisions and instead continues to occupy the Center. *Cf. Del. State*, 556 F. Supp. 2d at 374–75 (declining to hear claim for declaratory relief where the plaintiff could seek a full remedy with a breach of contract claim because the plaintiff had terminated the contract and the defendant had vacated the premises so a declaratory judgment would not change the parties' behavior or avoid future damages). By deciding what rights and obligations remain under the Agreement, a declaratory judgment can resolve the issues raised in PCH's suit. *See ASI Acquisition, LLC*, 2002 WL 335311, at *4 (declaratory judgment could be used to declare post-termination rights and obligations). The Court therefore the Court will not exercise its discretion to dismiss PCH's suit.

---

[5] Of course, given that months have passed since the complaint was filed, Healogics may have since vacated the the Center and removed its equipment, and PCH may decide that a breach of contract is now a better method for pursuing its remedy. However, the parties did not address whether Healogics acted in accord with the notice of termination following PCH's lawsuit.

9

**III.     Sufficiency of the Pleadings**

Healogics also argues that the Complaint fails to state a claim because PCH has not sufficiently pleaded that Healogics breached the Agreement. While Healogics argues that PCH has not pleaded a breach of contract claim, it ignores that to survive a motion to dismiss, PCH "must present a cause of action under the Declaratory Judgment Act." *Salem v. U.S. BANK N.A.*, No. 15 CV 6782, 2016 WL 212956, at *4 (N.D. Ill. Jan. 19, 2016) (quoting *Chi. Metallic Mfg. Co. v. Edward Katzinger Co.*, 123 F.2d 518, 519 (7th Cir. 1941)) (internal quotation marks omitted). Here, PCH's complaint states that the staffing decisions for the CCC Manager and nurse positions and Healogics' failure to resolve the alleged staffing deficiencies allegedly materially breached the Agreement, further describes PCH's acts providing notice of termination of the Agreement, and finally describes a dispute between the parties as to their future obligations and rights under the Agreement created by the alleged material breach and termination.[6] PCH therefore alleges an actual controversy between the parties.[7] Whether Healogics actually met its obligations to replace the resigned CWC staff, whether PCH properly terminated the Agreement, and whether Healogics is bound by the Agreement's obligations are all questions of fact that require findings that the Court cannot make under Rule 12(b)(6). *Coburn Grp., LLC v. Whitecap Advisors, LLC*, No. 07 C 2448, 2007 WL 2948367, at *7 (N.D.

---

[6] Healogics also argues that PCH's other allegations of breach, briefly described in letters from PCH to Healogics that were incorporated in the Complaint, are conclusory. However, the staffing decisions alleged in the complaint, which were allegedly an uncured material breach sufficient for PCH's notice of termination, are sufficiently pleaded, so the Court need not determine whether PCH has provided other independent material breaches supporting the same notice of termination.

[7] To the extent that Healogics is arguing that it met the Agreement's terms requiring it to take "reasonable steps" to replace and restaff the CCC Manager position and CWC nursing positions "as required," Healogics is arguing factual defenses of performance that cannot be resolved at the motion to dismiss stage. *See* Doc. 1-1, Ex. A § 3.8 & Addendum B.

Ill. Oct. 3, 2007) (denying 12(b)(6) motion to dismiss declaratory judgment claim where allegations raised questions as to whether contract bound defendant). Thus, the Court will allow PCH's suit to proceed.

## CONCLUSION

For the foregoing reasons, the Court denies the motion to dismiss [16]. Healogics is ordered to answer the complaint by June 15, 2016.

Dated: May 24, 2016

SARA L. ELLIS
United States District Judge